13386

MOTLEY v. FORESTER *ET AL.*

(163 S. E., 828)

*Messrs. Lee & Moise,* for appellant,

*Messrs. D. M. Winter* and *L. D. Jennings,* for respondent,

April 14, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiff, who is respondent here, seeks to recover of defendants the sum of $399.96 and interest, which it is alleged was deposited in the City National Bank of Sumter to the joint account of R. C. Forester and B. F. Motley. The deposit was thus made because of the following circumstances: Motley sold to R. C. Forester certain timber, situate in Richland County, for the agreed price of $399.96. Santee River Cypress Lumber Company claimed an interest in the timber which Motley denied. To protect Forester against this claim, Forester and Motley agreed that Forester should deposit the amount of the purchase money of the timber, viz., $399.96, in the bank to the joint account of the two. The deposit was made in this form: Deposited in the City National Bank by R. C. Forester and B. F. Motley, Sumter, S. C., October 24, 1927.

In June, 1930, Motley brought his action against Forester and the bank to recover the amount of the deposit, with interest. He alleged that the money was deposited in the names of R. C. Forester and B. F. Motley jointly, with the understanding that the same should not be withdrawn except with the consent of both parties; and that, if no adverse claim should be established against the timber, the fund so deposited should be paid over to Motley; that no adverse

claim had been established, although more than reasonable time had elapsed since the sale of the timber.

The prayer for judgment was against the City National Bank of Sumter alone. It answered the complaint: (1) With a general denial; (2) that the deposit was made by R. C. Forester in the joint name of R. C. Forester and B. F. Motley as joint tenants to be paid to either during the life time of both; that it had no knowledge of the things set forth in the complaint and exhibited; that upon the joint checks signed by R. C. Forester and B. F. Motley this defendant paid on said checks all of the deposit except the sum of $58.38 as of May 26, 1930, which it is ready and willing to pay; that under Act No. 503, Statutes 1926, p. 939, it is provided that a joint account like this sued upon may be paid to either party, and the bank be discharged by reason thereof.

The case was tried by Special Judge W. H. Muller and a jury at the fall, 1931, term of the Court of Common Pleas for Sumter County. The jury found for the plaintiff in the sum of $463.99, which comprised the principal sum, and interest at 4 per cent.

At the close of plaintiff's evidence, defendant (the bank) moved for nonsuit on the grounds that when the deposit was made no notice was given the bank as to whom the payments were to be made; that the deposit is regulated by the Act of 1926, under the provisions of which the deposit could be paid to either party and the bank be thereby discharged; and that the bank had paid the bulk of the deposit to Forester and stood ready to pay the balance into Court. The motion was refused. At the conclusion of all the evidence the bank made a motion for directed verdict in its favor on the grounds that there is no evidence that the bank had notice up to May 26, 1928, when it paid $350.00 to R. C. Forester, of any agreement that the checks on this account were to be signed by both parties; that if the letter of March 19, 1930, be construed to be such notice as is required by the

statute, it only became effective as of that date. This motion was refused. A motion for new trial upon substantially the same grounds upon which the motions for nonsuit and directed verdict were based, and the further ground that the verdict is against the weight of the evidence, and is so greatly excessive as to show it was against the weight of the evidence, and that it was influenced by bias, caprice or prejudice, and that the same should be reduced to $61.94, or a new trial granted, was made. This motion was refused.

From the judgment entered upon the verdict, the appeal comes to this Court. The exceptions, three in number, assign error to the Court for refusing the motions for nonsuit, directed verdict, and new trial, for the reasons stated in the grounds for these motions.

The plaintiff introduced in evidence the duplicate deposit slip of the deposit made by Forester in the names of R. C. Forester and B. F. Motley. He testified that it came to him through the mail from the bank. He also introduced in evidence the written agreement between him and Forester which contains the provision that if the lumber company fails to establish its claim the fund shall be paid to Motley; that each party shall hold a deposit slip; and the funds are not to be withdrawn except with the consent of both parties. He also introduced in evidence a letter of George L. Ricker, president of the City National Bank, to B. F. Motley, dated March 19, 1930, as follows: "Replying to your letter of the 18th our records show that some years ago a deposit of $399.96 was made to the account of R. C. Forester and B. F. Motley. There is now a balance of $57.81 in this account. *Checks drawn on this account will have to be signed by both R. C. Forester and yourself.*" (Italics added.)

He introduced also a letter from George L. Ricker, president of City National Bank, to B. F. Motley, dated March 27, 1930, in which the writer said:

"Reference to the matter of the deposit by yourself and R. C. Forester.

"When we took up this matter with Mr. Forester today, he advised that he had given bond which has not been released and that he has the right to withdraw the money in this account. Mr. Forester promised that he will see you and make all arrangements with you during the next day or so, which we trust will be satisfactory."

It may be remarked in passing that in neither of these letters is there any effort to justify the bank in paying out the money to Forester.

R. C. Forester was a witness for the defense. He admits that on April 16, 1928, he drew from this deposit the sum of $150.00; that on April 23, 1928, he deposited a like sum to the credit of the joint account; that on May 26, 1928, he withdrew from the account the sum of $350.00; that he drew the money on a check signed "R. C. Forester and B. F. Motley, by R. C. Forester"; that Mr. Motley did not know of his drawing the money. He seeks to justify his action in this respect by saying that he had given bond to the lumber company. How the bond to the lumber company could protect Motley for the money in the bank is difficult to understand. Forester testified that one Wright, an employee of the bank at that time, received the deposit and gave him his duplicate deposit slip. Wright is not now in the employ of the bank. He resides at Greenville, S. C.; he was not offered as a witness. Mr. Ricker, the president of the bank at that time, and the writer of the letters to Motley, is dead.

The exceptions will be disposed of by the consideration and determination of these questions: Was there sufficient evidence to take the case to the jury on the issue whether the bank had notice that the deposit could be drawn only on checks signed by R. C. Forester and B. F. Motley?

Did the Act of 1926 protect the bank in paying to R. C. Forester of the sum deposited to the joint account of R. C. Forester and B. F. Motley, the sum of $350.00 upon a check signed "R. C. Forester and B. F. Motley by R. C. Forester"?

First. An analysis of the evidence discloses that when the deposit was made it was in the names of R. C. Forester and B. F. Motley. A duplicate deposit slip was sent to Motley by mail by the bank, and one given to Forester. Evidently the bank knew that this was not a partnership fund, but that each of the parties had an individual interest in it. It is significant that Forester drew out of the fund $150.00 on April 16, 1928, and placed a like sum in the deposit April 23, 1928. No attempt is made by Forester or the bank to explain this; no checks are introduced, nor their absence explained. Is it against the law of probabilities to surmise that the withdrawal was upon a check signed by Forester alone, and the hasty replacement of the fund withdrawn was made upon the demand of the bank? Plausibility is lent to the surmise by proof of the fact that $350.00 was withdrawn May 26, 1928, on a check signed "R. C. Forester and B. F. Motley, by R. C. Forester." The bank in its answer alleges: "That subsequently *upon the joint checks signed by R. C. Forester and B. F. Motley this defendant paid on said checks all of said deposit, except a small amount,* etc." (Italics added.)

No proof was offered in substantiation of this averment of the answer, save the proof of the check signed "R. C. Forester and B. F. Motley, by R. C. Forester." The letter of Mr. Ricker, the president of the bank, to Mr. Motley, of date March 19, 1930, contains this peculiarly significant statement: "There is now a balance of $57.81 in this account. Checks on this account will have to be signed by both R. C. Forester and yourself." When and how did the president of the bank acquire this information? Surely this was a question for the jury.

Did the payment by the bank to R. C. Forester of the sum of $350.00 of this account upon a check signed "R. C. Forester and B. F. Motley, by R. C. Forester" release the bank to that extent of its liability?

The bank plants its plea of justification upon the Act of 1926 (34 Stats., 939, Section 7870, 1932 Code), which is in these words: "When a deposit shall have been made, or

hereafter made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them in any bank, banking institution, or Trust Company or certificate of deposit issued by any bank, banking institution or trust company, such deposit thereupon and any additions thereto made by either of such persons, upon the making thereof shall become the property of such persons as joint tenants, and the same together with all interest thereon shall be held for the exclusive use of the persons so named, and may be paid to either during the life time of both, and the said deposit, if less than Five Hundred Dollars; or the sum of Five Hundred Dollars in case the deposit exceeds the amount, and such payment and the receipt or acquittance of the one to whom such payment is made, shall be a valid and sufficient release and discharge to said bank, for all payments made on account of such deposit prior to the receipt by said bank of notice in writing signed by any one of such joint tenants not to pay such deposit in accordance with the terms thereof."

The bank contends that it, before it paid the $350.00 to Forester, had no notice in writing not to pay it; that therefore the acquittance given by Forester absolved the bank from liability.

There is a significant phrase in the Act which has not been construed. "When a deposit shall have been made, or hereafter made by any person in the name of such depositor and another person *and in form to be paid to either.* * * * *" (Italics added.) What is meant by the italicized words? It would seem the simple explanation is that if the form of the deposit made known whether it should be paid to either of the owners the bank would be protected in making payment to either; as for instance, if the deposit is to the credit of A or B; or if it is to the credit of A and B, partners; or if it is to A and B as executors, trustees, or the like. In the event of such deposit, the bank knows from law and usage that any one of the depositors may withdraw the

fund. But where the form of the deposit notifies the bank that each of the depositors has an individual and personal interest in the deposit, it is bound by the Act to know that it can only be withdrawn by the joint action of the two. The defendant, the bank, emphasizes the contention that this transaction must be determined by the terms of the Act of 1926. In this we concur. The Act of 1926 has been amended by the Act of 1930 (36 Stats., 1364), incorporated in the Code of 1932 as Section 7870. The Act of 1930, § 1, reads: "That where a deposit or deposits shall have been made, or may hereafter be made, not exceeding in the aggregate the sum of Five Hundred ($500.00) Dollars, by any person in the name of such depositor and another person, with the right to be withdrawn or collected by either with any person, firm or corporation of whatsoever kind or nature, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the person so named, and may be paid to either during the life time of both, and in the event of the death of one, then the same shall be paid to the survivor, and the said payment and the receipt of acquittance of the one to whom the payment is made shall be sufficient release and discharge to such person, firm or corporation of whatsoever kind or nature for all payments made on account of such deposits or interest prior to the receipt by the said person, firm or corporation of whatsoever kind or nature of notice in writing, signed by any one of such joint depositors, not to pay said deposit or interest in accordance with the terms thereof."

The provision in the Act of 1926, "in form to be paid to either," has been eliminated, and there has been substituted the phrase, "with the right to be withdrawn or collected by either." As thus amended, we can see the relevancy of the requirement that if the one of the depositors desired to forbid the bank to pay the other he must give notice in writing to the bank. But this matter is governed by the Act of 1926, where it is provided that if the deposit be in form to be paid

to either the bank will be released if paid to one of them. But if it be in form to notify the bank that it was the property of the two then it was not subject to the provisions of the Act and could not be paid except upon joint check of the two. Evidently this was the view which the Legislature had in mind, and, to relieve the depositories of the danger of liability thus created, it amended the Act of 1926 by removing the words "in form to be paid to either," and substituted in the amending Act of 1930 "with the right to be withdrawn or collected by either."

Did the bank pay the $350.00 to R. C. Forester upon the theory that Forester had the right to draw it out? Evidently not. The check was signed "R. C. Forester and B. F. Motley." Their names were signed as drawers. The addition "by R. C. Forester" was an admission that Forester knew that the name of B. F. Motley on the check was necessary in order to get the money. He has shown no authority from Motley to sign his name to the check; but the form of the signature was warning to the bank that Motley's name on the check was necessary to give it validity.

We think the deposit was in form to give notice to the bank that this was an account in which each of the parties had a special interest, and it could only be drawn upon their joint check; therefore it was not necessary that the written notice prescribed in the Act be given.

We think the Circuit Judge was right in submitting to the jury the question: Under the evidence here did it (the bank), have knowledge that the fund was placed there for a special purpose and was not to be drawn out except on a check signed by each party to the deposit individually?

He had previously charged that if the bank had such knowledge and paid it out on the check of one the bank would be responsible to the one who it afterwards developed was really entitled to it.

The Act does not in this instance protect the bank. Clearly the intent of the Act of 1926 was that in order to protect the bank the deposit must by its form of deposit give notice

that either might withdraw the deposit; and that the bank would be protected in paying it to either unless the other gave notice in writing not to do so.

The judgment of the Court below is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.